SYLVESTER WINSOTT'S EXR. v. WINNIE A. HUTCHINS.

[Abstract Kentucky Law Reporter, Vol. 5—423.]

**Rescission of Contract as a Whole.**

Where a contract includes the transfer of land on both sides, and the purchase of personal property as well, it is of such an entirety and of such a nature that the one part can not without injustice be rescinded without rescinding it as a whole.

APPEAL FROM DAVIESS CIRCUIT COURT.

November 13, 1883.

OPINION BY JUDGE HINES:

Appellee being the owner of certain hotel property transferred it to appellant in transfer for land, and at the same time and in the same written contract of exchange appellant agreed to take the bar fixtures at a price to be agreed upon and to pay for them in land adjoining the piece given in exchange for the hotel, at $25 per acre. After the exchange was effected and appellant had taken possession of the hotel and bar fixtures, and appellee had taken possession of the land given in exchange for the hotel, an action was instituted to enforce a mortgage lien on the hotel property, existing prior to the exchange, and the property was sold. Appellant then instituted this action to rescind the contract, appellee asking also for a rescission, the one because appellee could not make good title to the hotel property, and the other because appellant could not make good title to the land on account of the pre-existence of a dower claim to the land. It was admitted in the pleadings that the bar fixtures had been agreed to be worth $275.

In June, 1878, judgment was rendered rescinding the contract of

exchange and referring the case to a commissioner to ascertain the value of the improvements made on the land by appellee and the rental value thereof during the time appellee was in possession, and also to ascertain the rental value of the hotel property and to report the time at which appellant got possession of the hotel bar-room fixtures. December 2, 1878, the commissioner made his report in reference to all these matters, and to that report both appellant and appellee excepted, appellant because too much had been allowed for the improvements on the land, and appellee because not enough had been allowed for improvements and too much for rent of the land and not enough for the rent of the hotel. In April, 1881, the commissioner's report was confirmed, and judgment rendered against appellant for $275, value of the barroom fixtures, with interest thereon from the time appellant took possession of them, and a judgment for costs against the appellant, including the allowance made to the commissioner. There is both an appeal and a cross-appeal in which the complaint on either side is substantially as shown by the exceptions to the commissioner's report.

Both on the appeal and the cross-appeal, the evidence as to the value of the rents and as to the increased value of the land by reason of the improvements, which was the standard properly adopted by the court as to the improvements, is so conflicting, as is usual in such cases, that we are not disposed to disturb the judgment as to these matters; nor do we deem it necessary to fortify this conclusion by an elaborate discussion of the evidence bearing upon these points.

Among the other complaints of appellant is that the court erred in giving judgment against him for the value of the bar fixtures, with interest from the time they went into his possession, he contending that the decree should have been for eleven acres of land in satisfaction of this claim. This complaint is not well founded. The decree of June, 1878, purported to rescind the written contract which embraced the stipulation in regard to the bar fixtures as well as the exchange of the other property. The contract was of such an entirety, and of such a nature that the one part could not, without manifest inequality and injustice, be rescinded without rescinding it as a whole. To have rendered a decree as contended for by appellant would have allowed him to retain property of the agreed value of $275 and compelled appellee to have accepted eleven

acres of land, while the valuable and moving consideration for the exchange was the ninety-one acres of land which would be taken from him by such partial rescission. That the intention of the court was to rescind the whole contract is further manifested by the direction to the commissioner to ascertain the date at which appellant received possession of these fixtures, since there could be no other reason therefor than to have appellant account for their value with interest. Such being, in our judgment, the effect and intention of the decree of cancelation, and there being no appeal from that decree, which was awarded almost three years before the decree from which this appeal is taken, we hold that the decree of June, 1878, precludes and inquiry into this matter.

Appellant further complains that the court erred in allowing rent on the land to the time of the filing of the commissioner's report on December 2, 1878, instead of allowing it to the date of the judgment appealed from. The complaint is based upon the grounds that as the pleadings admit the possession it must be presumed to continue until the final decree. There is nothing in the record to show any possession after the 2d of December, 1878, and we will not undertake upon such a naked presumption to revise a decree rendered by a court in more immediate contact with the parties and with the witnesses, especially as it would have been an easy matter for appellant to show affirmatively that the possession continued after December 2, 1878. This applies as well to the complaint that the court did not decree a writ of possesion. Such a writ does not appear to have been applied for, and the failure to apply and the failure of the court to so decree strengthens the conclusion that the possession was surrendered at the date of the filing of the commissioner's report.

Appellant also contends that appellee should not have been allowed for the improvements, because he insists that appellee had notice, by this action, of the desire to rescind before any of the improvements were made and that some of them were made after the decree of rescission in June, 1878. As to the last proposition the evidence shows to our satisfaction that the improvements were made before the decree of rescission, and as to the second we are of the opinion that, in the absence of any fraud, appellee was entitled, up to the time of the rescission, to pay for the improvements to the extent that they enhanced the value of the land. The cases of *Harrison's*

*Devisees v. Baker,* 5 Litt. (Ky.) 250, and *Barlow v. Bell,* 1 A. K. Marsh. (Ky.) 246, and *Scroggs v. Taylor,* 1 A. .K. Marsh. (Ky.) 247, cited by counsel for appellant, are cases where the claimants for improvements were mere trespassers without claim of title. Here appellee entered under and by title from appellant which he had a right to treat as valid until an order of rescission, and therefore to compensation for any improvements he might make, in the meantime, to the extent that such improvements enhanced the value of the land. *Bell's Heirs v. Barnet,* 2 J. J. Marsh. (Ky.) 516.

The last complaint by appellant is that the court adjudged in the decree confirming the commissioner's report that he should pay the cost. It will be observed that in the decree of June, 1878, rescinding the contract appellant was given judgment against appellee for his entire costs, so that a proper construction of the last decree gives appellee cost on the reference only, to which he was certainly entitled as he was the successful party on that reference, the commissioner finding appellant to be indebted to him in the sum of about $600.

Judgment *affirmed* on the appeal and cross-appeal.

*Williams & Powers, for appellant.*

*Little & Slack, W. N. Sweeney, for appellee.*